DeFobbest C. Pitt, J.
This article 78 proceeding originally was before the court upon the objections in point of law raised by the respondent 'seeking a dismissal of the petition. The court by a memorandum opinion dated March 2, 1972, without commenting upon the merits of the matter, denied the motion to dismiss, directed that the respondent serve his answer and that the matter proceed in accordance with subdivision (f) of CPLR 7804. Upon this reargument all parties are in apparent agreement that the ¡sole issue to be determined upon this proceeding is one of law which is1 satisfactorily presented by the respondent’s motion, causing an answer to the petition to be unnecessary to determination.
The proceeding seeks judgment restraining Henry L. Diamond, as Commissioner of the Department of Environmental 'Conservation, from conducting scheduled administrative proceedings upon an alleged violation of article 12 of the Public Health Law by the petitioner. The noted legislation has for its purpose the safeguarding of the waters of the State by the preventing of pollution and the abating of existing pollution. (Public Health Law, § 1201.) To be noted is that the functions of the Department and Commissioner of Health pertaining to article 12 matters were transferred (eff. July 1, 1970) to the Commissioner of Environmental Conservation by sections 77, 87 and 89 of the Environmental Conservation Law.
The submitted papers disclose that the underlying factual situation involves the alleged accidental discharge of chemicals into a waterway of the State which resulted in the killing of fish, and which further resulted in the violation of duly adopted standards of quality and purity for such waters.
It is urged by the petitioner that the administrative complaint does not seek to prevent pollution or abate existing pollution in keeping with the noted purpose of article 12, but rather seeks to impose a penalty for a consummated act in the nature of a tort. It is the petitioner’s conclusion, therefore, that the administrative body is about to proceed in excess of its jurisdiction.
The court does not feel that the noted legislation is to be so narrowly construed. From a reading of article 12 as a whole *649 it is apparent that the administrative body has jurisdiction to inquire into, and factually determine, the subject matter. To be noted particularly is subdivision 1 of section 1250 of the Public Health Law which provides for one penalty for a single violation and different penalties for continuing violations. Clearly the legislative intent may be understood to encompass the factual matter here presented.
The petitioner also notes the indefiniteness and vagueness of the administrative complaint. It is maintained that the respondent cannot intelligently answer the same nor can it adequately defend itself in the absence of particulars, which have been denied. Its position in this regard appears to this court to be well taken. However, the court may not interfere with an administrative proceeding at this juncture. Procedure dictates that the petitioner exhaust its administrative remedies before requesting review of administrative action.
Accordingly, the objection of point of law seeking dismissal of the petition will be granted.